CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Isabel Rose Masanque, Esq., SBN 292673
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
SaraG@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| **Dwain Lammey,** | Case: 2:20-CV-00105-SVW-MAA |
|---|---|
| Plaintiff, | **Plaintiff's Objections to Evidence** |
| v. | |
| **BB Beauty Supply Corp.**, a California Corporation; and Does 1-10, | Hon. Judge Stephen V. Wilson |
| Defendant. | |

Plaintiff Dwain Lammey submits his Objections to Defendant's supporting declarations and evidence in support of Defendant's motion for summary judgment.

| DF. No. | Defendants' Uncontroverted Facts & Supporting Evidence | Plaintiff's Response |
|---|---|---|
| 1) | Defendant is familiar with the claims raised by Plaintiff in his Complaint.<br><br>Viviana Lee's ("Lee") Decl., ¶ 4; Exh. A | Undisputed, but Irrelevant. |

| | | |
|---|---|---|
| 2) | On January 19, 2020, Defendant addressed the Plaintiff's claim of inaccessible sales counter at the Store by installing a new sales counter that provides 36 inches in width, 34 inches in height from the floor, and equal in depth to the rest of the counter.<br><br>Lee Decl., ¶ 5; Exh. E | Lacks Foundation.<br>Lacks Personal Knowledge.<br>Hearsay.<br><br>*Please see* Dkt. 17-6, pg. 21 of 27: "The cash register and counter after modified the both height, width is substantially in complying with the current ADA guidelines and Title 24 Accessibility Standards." *Id.* |
| 4) | As of January 19, 2020, Defendant has provided an accessible sales counter at the Store for persons with disabilities<br><br>Lee Decl., ¶ 5; Exh. E | Hearsay, lacks foundation; Ms. Lee is not a designated expert. FRE 702 – Lee cannot attest to expert observations and conclusions. Lacks personal knowledge per FRE 701 and 604.<br>*See Dkt. 17-2 #5: Declaration of Lee.* |
| 9) | On January 23, 2020, four (4) days after Defendant had installed a new sales counter at the Store, Defendant was served with the Summons and Complaint and therefore, Defendant had installed a new sales counter even before Defendant was sued.<br><br>Lee Decl., ¶7; Exh. E | Lacks foundation; lacks personal knowledge, or for that matter specialized or scientific knowledge as admitted under FRE 702. Without personal knowledge, this information is excluded under FRE 701, 702, |

| | | | |
|---|---|---|---|
| | | | and 604. Lee does not attest to how this is known, and no admissible evidence support this contention. Defense Exhibit B – Defense's CASP report, fails to demonstrate any measurement or evidence other than photographs of the store. Mr. Chung has not provided the foundational evidence to prove this fact to be true. |
| | 10) | After the Store corrected the violations Chung mentioned in his report, on January 26, 2020, Chung again conducted an inspection to see if all of the violations have been corrected.<br><br>Chung Decl., ¶5. | Defense Exhibit B – Defense's CASP report, fails to demonstrate any measurement or evidence other than photographs of the store. There are no photograph of measurements taken in the Store. Mr. Chung has not provided foundational, authenticated evidence to prove this fact to be true. |
| | 11) | Based upon Chung's inspection and as reflected in his January 26, 2020 Compliance Report, the sales counter now complies with requirements for | Objection: Legal Conclusion. Experts are not permitted to make legal conclusions. |

| | | |
|---|---|---|
| | accessibility. The sales counter now provides 36 inches in width, 34 inches in height from the floor, and equal in depth to the rest of the counter.<br><br>Chung Decl., ¶5, Exh. D | Objection Lacks foundation. The Declaration of Ed S. Chung and photographs are not admissible expert testimony under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) because it is not "based on sufficient facts or data" and provides no insight into the principles and methods relied upon to reach the opinions. Moreover, "[i]n the context of a motion for summary judgment or other pretrial dispositive motion, an expert must back up his opinion with specific facts." Guidroz-Brault v. Mo. Pac. R. Co., 254 F.3d 825, 831 (9th Cir. 2001). Here, Mr. Chung has not specified the facts or data for the facilities at issue or, in fact, the code provisions and access standards he is referring to when he |

|  |  | declares compliance with them. Instead, Mr. Chung only offers conclusory allegations. |
|---|---|---|

Dated: July 13, 2020          CENTER FOR DISABILITY ACCESS

*/s/ Sara N. Gunderson*
Sara N. Gunderson
Attorneys for Plaintiff

Plaintiff's Objections to Evidence      Case: 2:20-CV-00105-SVW-MAA